**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

THE WEITZ COMPANY, LLC,
an Iowa limited liability company,

    Plaintiff,

v.

TRANSPORTATION INSURANCE COMPANY
and AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA

    Defendants.
_____

**NOTICE OF REMOVAL**
_____

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Garnishees/Defendants Transportation Insurance Company ("Transportation") and American Casualty Company of Reading, Pennsylvania ("ACC") hereby give Notice of Removal of the Writ of Garnishment from the District Court of Denver County, Colorado to the United States District Court for the District of Colorado. As grounds for this removal, Garnishees/Defendants state as follows:

1.    In 2011, The Ajax Lofts Condominium Association, Inc. commenced an action against The Ajax Lofts, LLC and Plaintiff The Weitz Company, LLC ("Plaintiff" or "Weitz") in the District Court, Denver County, Colorado styled The Ajax Lofts Condominium Association, Inc. v. The Ajax Lofts, LLC, et al., Civil Action No. 2011CV7763 (the "Underlying Action"). A copy of the Second Amended Complaint and Jury Demand is attached as **Exhibit A**.

2. On February 20, 2012, in District Court, Denver County, Colorado, Civil Action No. 2012CV1090, Weitz filed a Complaint and Jury Demand against TM Jordan, Inc. a/k/a T.M. Jordan & Company, Inc. ("TM Jordan"), insured of Garnishees/Defendants. A copy of the Complaint is attached as **Exhibit B**. Civil Action 2012CV1090 was consolidated with the Underlying Action on March 27, 2013. The Order Granting Consolidation is attached as **Exhibit C**.

3. The District Court, Denver County, Colorado dismissed with prejudice the claims against certain parties in the Underlying Action, following settlement of the claims. Copies of the Orders of Dismissal are attached as **Exhibit D**.

4. On or about November 6, 2014, the District Court, Denver County, Colorado entered a default judgment in the Underlying Action against Third Party Defendant TM Jordan. A copy of the Default Judgment is attached as **Exhibit E**.

5. On or about June 29, 2015, a Writ of Garnishment as to Transportation was issued in the District Court, Denver County, Colorado. Attached as **Exhibit F** is the Writ of Garnishment – Judgment Debtor Other Than Natural Person served upon Transportation Insurance Company.

6. On or about June 29, 2015, a Writ of Garnishment as to ACC was issued in the District Court, Denver County, Colorado. Attached as **Exhibit G** is the Proposed Writ of Garnishment – Judgment Debtor Other Than Natural Person filed by Plaintiff to be served upon ACC.[1]

---

[1] Garnishee/Defendant ACC has been unable to locate the actual Writ of Garnishment issued by the Court and served upon ACC. However, based upon the state court docket, which contains a Return of Service of the Writ of Garnishment, ACC joins in this Notice of Removal and concurrently files it Answers to Questions to be Answered by Garnishee.

7. Pursuant to D.C.COLO.LCivR 81.1, attached as **Exhibit H** is a current docket sheet from the state court for the Underlying Action. Further, pursuant to D.C.COLO.LCivR 81.1, there are no pending motions in the Underlying Action.

8. Garnishment actions brought post-judgment to collect a judgment are separate civil actions that are removable. *Webb v. Zurich Ins. Co.*, 200 F.3d 759 (11th Cir. 2000), citing *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); *see also Garcia v. Century Surety Co.*, ___ F.Supp.3d ___, ___, 2014 WL5314693, at *2-3 (D. Colo. Oct. 17, 2014) (citing *Adriaenssens v. Allstate Insurance Co.*, 258 F.2d 888 (10th Cir. 1958)) (concluding that the garnishment proceeding, which involved a new party and a new theory of law, was in substance a separate and removable action), and *Thor v. Wiggins*, 2015 WL 399210, *1 (D. Colo. Jan. 29. 2015). Actions like the garnishment proceeding against Transportation are in effect suits involving a new party, litigating the existence of a new liability. *Garcia*, ___ F.Supp.3d at ___, 2014 WL5314693, at *2-3. Garnishment proceedings are therefore properly removed as separate and independent causes of action if there is diversity of parties. *Id.*; *see also Webb*, 200 F.3d at 760.

9. Pursuant to 28 U.S.C. § 1446(b), Garnishees/Defendants have thirty days from the receipt by Plaintiff, through service or otherwise, of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based to remove a case. 28 U.S.C. § 1446(b).

10. This Notice of Removal has been filed within thirty days after Garnishees/Defendants received Plaintiff's Writ of Garnishment on July 1, 2015. *See* Return of Service of Writ of Garnishment for Transportation, attached as **Exhibit I;** *see also* Return of Service of Writ of Garnishment for ACC, attached as **Exhibit J**. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

11. In accordance with 28 U.S.C. § 1446(d). a Notice of Removal of Writ of Garnishment to United States District Court for the District of Colorado is being filed with the Clerk of the District Court, Denver County, Colorado, attached as **Exhibit K**.

12. The Writ of Garnishment is hereby removed by Garnishees/Defendants Transportation and ACC from the District Court, Denver County, Colorado to the United States District Court for the District of Colorado. 28 U.S.C. § 1446(a).

### FEDERAL DIVERSITY JURISDICTION

13. A United States District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1331(a).

14. Plaintiff is an Iowa limited liability corporation with a principal place of business in Colorado.

15. Garnishee/Defendant Transportation is an insurance company organized under the laws of the State of Illinois, having its principal place of business in Illinois.

16. Garnishee/Defendant ACC is an insurance company organized under the laws of the State of Pennsylvania, having its principal place of business in Illinois.

17. For the purposes of 28 U.S.C. § 1331, "a corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business . . .." 28. U.S.C. § 1331(c).

18. Pursuant to 28 U.S.C. § 1331(c), "in any direct action against the insurer of a policy or contract of liability insurance whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of" every

State of which the insured is a citizen. However, the citizenship of the insured, TM Jordan, is to be disregarded because this garnishment proceeding is not a direct action. 28 U.S.C. § 1332(c)(1); *Armentrout v. Atlantic Cas. Ins. Co.*, 731 F.Supp. 2d 1249, 1253-54 (S.D. Ala. 2010). "Colorado law does not permit an injured party to bring a direct action against the alleged tortfeasor's insurance company." *Synan v. Haya*, 15 P.3d 1117, 1119 (Colo. App. 2000), citing *All around Transp., Inc. v. Cont'l W. Ins. Co.*, 931 P.2d 552 (Colo. App. 1996).

19. Consequently, complete diversity exists between Plaintiff and Garnishees/Defendants pursuant to 28 U.S.C. § 1331(a)(1).

20. Plaintiff seeks to collect from Garnishees/Defendants a judgment of $509,684.20, plus interest due on judgment of $25,805.38 and taxable costs of $100. This establishes the jurisdictional minimum.

21. There is complete diversity of citizenship in this separate independent garnishment action, and this Court has original jurisdiction over this action based on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

22. Garnishees/Defendants are entitled to remove the Writ of Garnishment to this Court pursuant to 28 U.S.C. § 1441.

### DEFENSES

23. By filing this Notice of Removal, Garnishees/Defendants do not waive any available defenses.

24. Filed concurrently with this Notice of Removal is Garnishee/Defendant Transportation's Answers to the Questions to be Answered by Garnishee, in which

Garnishee/Defendant Transportation incorporates all affirmatives defenses available under the insurance policies issued to TM Jordan, and otherwise afforded by law.

25.     Filed concurrently with this Notice of Removal is Garnishee/Defendant ACC's Answers to the Questions to be Answered by Garnishee, in which Garnishee/Defendant ACC incorporates all affirmatives defenses available under the insurance policies issued to TM Jordan, and otherwise afforded by law.

DATED: July 14, 2015.

Respectfully Submitted,

*/s/ Cathleen Heintz*_____
Cathleen H. Heintz
Elayna M. Fiene
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Ste 2420
Denver, CO 80202
Telephone: (303) 572-5300
Facsimile: (303) 572-5301
Email: Cathleen.Heintz@wilsonelser.com
Elayna.Fiene@wilsonelser.com
*Attorneys for Garnishees/Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July 2015, a true and correct copy of the foregoing Notice of Removal was filed with the Clerk of the United States District Court using the CM/ECF system, and served to the following:

Patrick Casey
Fox Rothschild LLP
1225 17th Street, Suite 2200
Denver, Colorado 80202
*Attorneys for Plaintiff*

*Original signature on file at offices of Wilson Elser Moskowitz Edelman & Dicker LLP pursuant to C.R.C.P. 121 § 1-26*

By: /s/ Cathleen H. Heintz
      Cathleen H. Heintz