# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. Case 15-cv-01493-REB-MEH

THE WEITZ COMPANY, LLC, an Iowa limited liability company,

    Plaintiff,

v.

TRANSPORTATION INSURANCE COMPANY, and
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA,

    Defendants.

## MINUTE ORDER[1]

    The matter before the court is plaintiff's **Unopposed Motion for Extension of Page Limits for Summary Judgment Motion** [#50],[2] filed March 18, 2016. I deny the motion without prejudice. On the surface, plaintiff appears to present a reasonable explanation for the requested extension of the court's practice standards imposing page limits on summary judgment motions. On closer examination, however, the court is not convinced that good cause has been shown for an extension of the magnitude requested here.[3]

    Concurrently with the filing of this motion, plaintiff has filed **The Weitz Company, LLC's Motion for Summary Judgment** [#49], filed March 18, 2016. At 40 pages in length, that motion is twice as long as generally permitted by the court's Civil Practice Standards. *See* **REB Civ. Practice Standard** IV.B.2. Moreover, if the motion had been presented in Arial 12 point font as further required by the court's practice standards (*see* **REB Civ. Practice Standard** II.E.1), the court strongly suspects that the motion would have been even longer. Finally, even a cursory overview of the first 20 pages of

---

[1] This minute order is issued pursuant to the express authority of the Honorable Robert E. Blackburn, United States District Judge for the District of Colorado.

[2] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[3] Opposing counsel's lack of opposition is immaterial to the court's consideration of whether plaintiff has established good cause for the requested extension. *See* **REB Civ. Practice Standard** II.G.3.

the motion (which comprise the factual statement of the brief) reveals that plaintiff has, for example, quoted lengthy passages of exhibits appended to the motion, an editorial decision that strikes the court as unnecessary when the original documents are available for (and regardless of citation in the brief, will require) the court's own perusal.

Given all these considerations, the court is left with the firm conviction that plaintiff has made no real effort to attempt to conform its brief to the reasonable page limitations imposed by the court's practice standards.  Plaintiff must make such a good faith attempt – complying with all of the court's practice standards applicable to the submission of such motions – before any request to exceed the page limitations will be considered.

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff's **Unopposed Motion for Extension of Page Limits for Summary Judgment Motion** [#50], filed March 18, 2016, is denied without prejudice; and

2.  That **The Weitz Company, LLC's Motion for Summary Judgment** [#49], filed March 18, 2016, is denied without prejudice.

Dated: March 21, 2016